M2GsASAp

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4           v.                          21 CR 88 (JSR)

5   FRED ASANTE,

6               Defendant.

7   ------------------------------x

8                                   New York, N.Y.
                                    February 16, 2022
9                                   11:00 a.m.

10

    Before:
11
                        HON. JED S. RAKOFF,
12
                                        District Judge
13

14                          APPEARANCES

15  DAMIAN WILLIAMS
         United States Attorney for the
16       Southern District of New York
    BY:  SAGAR K. RAVI
17       Assistant United States Attorney

18  GOTLIB LAW, PLLC
         Attorneys for Defendant
19  BY:  VALERIE A. GOTLIB

20  ALSO PRESENT:
    SHANNON McMANUS
21

22

23

24

25

M2GsASAp

1          (Case called)

2          THE DEPUTY CLERK:  Will the parties please identify

3   themselves for the record.

4          MR. RAVI:  Good morning, your Honor.  Sagar Ravi for

5   the United States.

6          THE COURT:  Forgive me one minute.

7          MR. RAVI:  No problem.  Good morning, your Honor.

8   Sagar Ravi for the United States.

9          THE COURT:  Good morning.

10         MR. GOTLIB:  Good morning, your Honor.

11         Valerie Gotlib, standing in for Mr. DeCastro, of

12  counsel of Mr. DeCastro's firm for Fred Asante.  And with the

13  court's permission, associate counsel Shannon McManus would be

14  seated at the table with us.

15         THE COURT:  Good morning.

16         MR. GOTLIB:  Thank you.

17         THE COURT:  My understanding is that Mr. Asante wishes

18  to withdraw his previously entered plea of not guilty and enter

19  a plea of guilty to Count Three of indictment 21 CR 88, is that

20  correct?

21         MR. GOTLIB:  That is correct, your Honor.

22         THE COURT:  Place the defendant under oath.

23         (Defendant sworn)

24         Mr. Asante, let me first advise you that because

25  you're under oath, anything you say that is knowingly false

1    could subject you to punishment for perjury or obstruction of

2    justice or the making of false statements.

3              Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  You don't have to stand, just speak into

6    the microphone.

7              THE DEFENDANT:  Thank you.  Yes, your Honor.

8              THE COURT:  Very good.

9              Do you read, write, speak, and understand English?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Where are you from?

12             THE DEFENDANT:  I'm from Ghana, West Africa.

13             THE COURT:  You have to speak a little louder.

14             THE DEFENDANT:  Ghana, West Africa.

15             THE COURT:  I'm sorry?

16             THE DEFENDANT:  I'm from Ghana.

17             THE COURT:  OK.  How old are you now?

18             THE DEFENDANT:  Right now, 37.

19             THE COURT:  Have you ever been treated by a

20   psychiatrist or psychologist?

21             THE DEFENDANT:  No.

22             THE COURT:  Have you ever been hospitalized for any

23   mental illness?

24             THE DEFENDANT:  No, your Honor.

25             THE COURT:  Have you ever been treated or hospitalized

1  for alcoholism?

2          THE DEFENDANT:  No, your Honor.

3          THE COURT:  You can't just shake your head.  You have

4  to say.

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  Have you ever been treated or hospitalized

7  for drug addiction?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  Are you currently under the care of a

10 doctor for any reason?

11         THE DEFENDANT:  No, your Honor.

12         THE COURT:  In the last 24 hours, have you taken any

13 pill or medicine of any kind?

14         THE DEFENDANT:  No, your Honor.

15         THE COURT:  Is your mind clear today?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Do you understand these proceedings?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  On the basis of the defendant's responses

20 to my questions and my observations of his demeanor, I find he

21 is fully competent to enter an informed plea at this time.

22         Now, you have a right to be represented by counsel at

23 every stage of these proceedings.

24         Do you understand that?

25         THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  If at any time you can't afford counsel,

2    the court will appoint one to represent you free of charge

3    throughout the proceedings.

4          Do you understand that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Ms. Gotlib, are you retained or appointed?

7          MR. GOTLIB:  Your Honor, Mr. DeCastro is appointed

8    under the Criminal Justice Act, and I am standing in for him,

9    with the court's permission, as a panel member myself.

10          THE COURT:  OK.  Mr. Asante, are you satisfied with

11    your representation?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Have you had a full opportunity to discuss

14    these matters with your lawyer?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Have you told her everything you know

17    about these matters?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Very good.

20          Now, you were charged with various crimes in

21    indictment 21 CR 88, and you originally pled not guilty.  But

22    my understanding from your counsel is that you wish to plead

23    guilty to Count Three of the indictment in satisfaction of the

24    charges against you, is that right?

25          THE DEFENDANT:  Yes, your Honor.

M2GsASAp

1          THE COURT:  Before I can accept any plea of guilty,

2     I need to make certain you understand the rights you will be

3     giving up.  So let me tell you now the rights you will be

4     giving up and make sure you agree to that.

5          First, you have a right to a speedy and a public trial

6     by a jury.  Do you understand that?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Second, if there were a trial, you would

9     be presumed innocent, and the government would be required to

10     prove your guilt beyond a reasonable doubt before you could be

11     convicted of any charge.

12          Do you understand that?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Third, at the trial you would have the

15     right to be represented by counsel and, once again, if you

16     could not afford counsel, the court would continue the

17     representation of you free of charge throughout the

18     proceedings.

19          Do you understand that?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Fourth, that the trial would you have the

22     right to see and hear all the witnesses and other evidence

23     against you, and your attorney could cross-examine the

24     government's witnesses and object to the government's evidence

25     and can offer evidence on your own behalf, if you so desired,

1    and could have subpoenas issued to compel the attendance of

2    witnesses and other evidence on your behalf.

3            Do you understand that?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  Fourth, at the trial, you would have the

6    right to see and hear -- I'm sorry.

7            Fifth, at the trial you would have the right to

8    testify if you wanted to, but no one could force you to testify

9    if you did not want to, and no suggestion of guilt could be

10   drawn against you simply because you chose not to testify.

11           Do you understand that?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  Sixth, even if you were convicted, you

14   would have the right to to appeal your conviction.

15           Do you understand that?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  Now, do you understand that if you plead

18   guilty, you will be giving up each and every one of the rights

19   we just discussed.

20           Do you understand that?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  Very good.

23           Now, Count Three charges you with conspiracy, in other

24   words, an agreement between you and at least one other person,

25   to commit money laundering from around 2013 until around 2020.

1          Have you gone over that charge with your lawyer?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Let me ask defense counsel, do you want

4    that count read again here in open court or do you waive the

5    public reading?

6          MR. GOTLIB:  We waive the public reading, your Honor.

7          THE COURT:  Mr. Asante, the maximum punishment, if you

8    plead guilty to that count, is a maximum term of imprisonment

9    of 20 years plus a maximum of up to three years' supervised

10   release to follow any imprisonment, plus a fine, whichever is

11   greater, either $500,000 or twice the amount of money involved

12   in the transaction or twice the amount of money gained from the

13   transaction or twice the loss to victims of the transaction,

14   plus a $100 mandatory special assessment, plus restitution.

15         Do you understand those are the maximum punishments

16   you face if you pleaded guilty to Count Three?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Also, do you understand that if I do

19   impose a term of supervised release and you violate any of the

20   conditions of supervised release, that violation in itself

21   could subject you to still further imprisonment going even

22   beyond the term of supervised release?

23         Do you understand that?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Now, of course at this point in time I

have no idea what sentence I will impose if you plead guilty, but one of the things I will consider are the sentencing guidelines, which are certain laws that are not binding on the court but which recommend a range of imprisonment.

Have you gone over the guidelines with your lawyer?

THE DEFENDANT: Yes, your Honor.

THE COURT: In that connection, I have been furnished with a letter agreement which takes the form of a letter dated February 15, 2022, from the government to Ms. Gotlib, and we will mark that as Court Exhibit 1 to today's proceeding.

Do we have a signed copy of that?

THE DEPUTY CLERK: Yes, we do.

THE COURT: Very good. I'll mark the signed copy as Court Exhibit 1 as well.

Let me ask you first, you read this letter, yes?

THE DEFENDANT: Yes, your Honor.

THE COURT: And you discussed it with your lawyer?

THE DEFENDANT: Yes, your Honor.

THE COURT: And you understood its terms?

THE DEFENDANT: Yes, your Honor.

THE COURT: And you signed it to indicate your agreement to its terms?

THE DEFENDANT: Yes, your Honor.

THE COURT: Now, this letter agreement, Court Exhibit 1, is binding between you and the government, but not

1    binding on me.  It is not binding on the court.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  For example, with respect to the

5    guidelines, the letter says that you and the government have

6    stipulated to a guideline range of 121 to 151 months in prison.

7    I may agree with that or I may disagree with that.  Even if I

8    agree with that calculations, I may sentence you to more or

9    less or anywhere in between.  And regardless of where I come

10   out, if you plead guilty, you will still be bound by my

11   sentence.

12             Do you understand that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  More generally, do you understand that if

15   anyone has made any kind of promise or prediction or estimate

16   to you of what your sentence will be in this case, that person

17   could be wrong and, nevertheless, if you plead guilty, you will

18   still be bound by my sentence?

19             Do you understand that?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Does the government represent that this

22   letter agreement is the entirety of any and all agreements

23   between the government and this defendant?

24             MR. RAVI:  Yes, your Honor.

25             THE COURT:  Does defense counsel agree that is?

1   Correct.

2           MR. GOTLIB:  Yes, your Honor.

3           THE COURT:  Mr. Asante, do you agree that's correct?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  Mr. Asante, other than the government, has

6   anyone else made any kind of promise to you or offered you any

7   inducement to get you to plead guilty?

8           THE DEFENDANT:  No, your Honor.

9           THE COURT:  You can remain seated.  Just bring the

10  microphone close to you.

11          Has anyone threatened or coerced you in any way to get

12  you to plead guilty?

13          THE DEFENDANT:  No, your Honor.

14          THE COURT:  Does the government represent that if this

15  case were to go to trial, it could, through competent evidence,

16  prove every essential element of this charge beyond a

17  reasonable doubt?

18          MR. RAVI:  Yes, your Honor.

19          THE COURT:  Does defense counsel know of any valid

20  defense that would likely prevail at trial or any other reason

21  why her client should not plead guilty?

22          MR. GOTLIB:  No, your Honor.

23          THE COURT:  Then, Mr. Asante, tell me in your own

24  words what it is that you did that makes you guilty of this

25  crime.

M2GsASAp

1          MR. GOTLIB:  If I may, your Honor, just to address the

2     court, Mr. Asante will be reading off of a piece of paper that

3     is an allocation that we spent a lot of time on working on.  We

4     wrote it together, but ahead of time.  And I believe your Honor

5     has a copy.

6          THE COURT:  Yes.  Thank you very much.

7          But go ahead, Mr. Asante.

8          MR. GOTLIB:  Thank you.

9          THE DEFENDANT:  OK.  Your Honor.  Between 2017 and

10    2020, knowing that the money I was receiving was the proceeds

11    of unlawful activity, I agreed with others to receive the money

12    and made transactions using the money.  Specifically, I agreed

13    with others to get a conversion fee to receive the money that

14    was the proceed of unlawful activity in one currency and remit

15    the same amount in another currency, and also received proceeds

16    of unlawful activity to purchase products in the United States

17    to be consumed or resold overseas.  I did this transaction

18    knowing that the intent was to conceal the source of the money.

19          Thank you.

20          THE COURT:  Where were you when you did this?

21          THE DEFENDANT:  I was in Virginia.

22          THE COURT:  So let me ask the prosecutor.  What's the

23    government's proffer with respect to venue?

24          MR. RAVI:  Your Honor, any trial of this matter, the

25    government would introduce evidence that there were wire

1    transfers in victims of fraud schemes that originated from the

2    Southern District of New York and that were sent to the

3    defendant's bank accounts in Virginia.

4            THE COURT:  Mr. Asante, what was your understanding of

5    what the underlying unlawful transactions were?

6            THE DEFENDANT:  Can I speak to my counsel?

7            THE COURT:  Yes.

8            (Counsel confers with defendant)

9            THE DEFENDANT:  Your Honor, can you please read the

10   question again for me, please?

11           THE COURT:  Yes.  You told me a few minutes ago that

12   you knew that the money that you were then transferring were

13   the proceeds of unlawful activities.

14           What were the underlying unlawful activities that you

15   knew were involved?

16           THE DEFENDANT:  Because the unlawful activity for the

17   money is due to the nature of my business that I do.  Whenever

18   you need the money, it goes to the black market.

19           THE COURT:  I'm sorry.  Again, bring yourself closer

20   to the microphone.

21           THE DEFENDANT:  Due to the business that I do,

22   whenever you need money to do the business from my country to

23   here, you go through the black market to purchase this money.

24   And when you go to the black market, this typical monies are

25   usually from fraud proceeds because of the low rate that they

1   give you.

2          THE COURT:  Maybe the government wants to give me a

3   little more of the factual background of the underlying

4   activities.

5          MR. RAVI:  Sure, your Honor.  The underlying fraud

6   schemes from which the defendant received money consisted of a

7   few different types.  One were business e-mail compromises

8   where businesses that were hacked in some respect and

9   fraudulent wire transfers were authorized without anyone's

10  permission.

11         The second type of scheme were online romance scams or

12  individuals based abroad pretending to be US-based individuals,

13  started online relationships with usually older men and women,

14  who were then, through false statements, convinced to send

15  money to individuals, such as Mr. Asante.

16         And finally, we also would have evidence of COVID-

17  related fraud schemes involving a low income program for relief

18  or some of that money was transferred to Mr. Asante as well as

19  other defendants.

20         THE COURT:  OK.  Mr. Asante, while you may not have

21  known all of that, you knew these were the proceeds of various

22  frauds; yes?

23         THE DEFENDANT:  Yes, most of them.

24         THE COURT:  OK.

25         THE DEFENDANT:  When you go to the black market, that

M2GsASAp

1    is usually what they sell.

2            THE COURT:  Very good.  By the way, I forgot to ask

3    you previously, are you a U.S. citizen?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  Very good.

6            So is there anything else regarding the factual

7    portion of the allocution that the government wishes the court

8    to inquire about?

9            MR. RAVI:  No, your Honor.  Thank you.

10           THE COURT:  Is there anything regarding any aspect of

11   the allocation that either counsel wishes the court to further

12   inquire about; anything from the government?

13           MR. RAVI:  Yes, your Honor, two requests.

14           If the defendant can be allocuted on forfeiture as

15   well as the forfeiture agreement.  And then the second request

16   would be that he be allocuted on the appeal waiver in the plea

17   agreement.

18           THE COURT:  Oh, yes.  My deputy has just handed me a

19   consent preliminary order of forfeiture.

20           And, Mr. Asante, it seems that you signed that earlier

21   today, right?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  And you knew that that meant that you were

24   consenting to forfeiture; yes?

25           THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Very good.  I will sign that order and

2   give it to my courtroom deputy to docket.

3          Going back to the letter agreement, under your

4   agreement with the government, you have agreed that if I do

5   sentence you to 151 months or less, you will not appeal or

6   otherwise attack the sentence.

7          Do you understand that's a part of your agreement?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Very good.

10         Anything else from the government?

11         MR. RAVI:  No.  Thank you, your Honor.

12         THE COURT:  Anything from defense counsel?

13         MR. GOTLIB:  No.  Thank you, your Honor.

14         THE COURT:  Mr. Asante, in light of everything we've

15  now discussed, how do you now plead to Count Three of

16  indictment 21 CR 88; guilty or not guilty?

17         THE DEFENDANT:  Guilty, your Honor.

18         THE COURT:  Because the defendant has shown that he

19  understands his rights, because he has acknowledged his guilt

20  as charged, and because his plea is entered knowingly and

21  voluntarily and is supported by an independent basis in fact

22  containing each of these essential elements of the offense,

23  I accept his plea and adjudge him guilty of Count Three of

24  indictment 21 CR 88.

25         Now, Mr. Asante, the next stage in this process is

1    that the probation office will prepare what's called a

2    presentence report to assist me in determining sentence.  And

3    as part of that, you will be interviewed by the probation

4    officer.  You can have your counsel present to assist you in

5    advising you on your rights, but under my practices, you

6    personally need to answer the questions put to you by the

7    probation officer.

8              Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  After that report is in draft form, but

11   before it is in final form, you and your counsel and also

12   government counsel will have a chance to review it and to offer

13   suggestions, corrections, and additions directly to the

14   probation officer, who will then prepare the report in final to

15   come to me.

16             Independent of that, counsel for both sides are hereby

17   given leave to submit directly to the court in writing any and

18   all materials bearing on any aspect of sentence, provided they

19   are submitted no later than one week before sentence.

20             And we will put the sentence down for?

21             THE DEPUTY CLERK:  Wednesday, May 18, at four.

22             THE COURT:  Wednesday, May 18 at 4:00 p.m.

23             Anything else we need to take up today?

24             MR. GOTLIB:  May I just, your Honor?

25             I believe your Honor said this.  Just so there is no

M2GsASAp

1    doubt, can your Honor just order that counsel be allowed to be

2    present during the PSR with Mr. Asante?

3              THE COURT:  That's fine.

4              MR. GOTLIB:  Thank you so much, your Honor.

5    That's it.

6              THE COURT:  Anything else?

7              MR. RAVI:  Nothing for the government.  Thank you,

8    your Honor.

9              THE COURT:  Very good.  Thanks so much.

10             THE DEFENDANT:  Thank you, your Honor.

11             THE COURT:  Thank you.

12             (Adjourned)

13

14

15

16

17

18

19

20

21

22

23

24

25