## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Southern District of New York (Foley Square) |
|---|---|---|
| Name *(under which you were convicted)*: Fred Asante | | Docket or Case No.: 1:21-cr- 00088-JSR-2 |

| Place of Confinement: FCI Petersburg Low | Prisoner No.: 71047-083 |
|---|---|

| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* |
|---|---|
| V. | FRED ASANTE |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   Southern District of New York
   Foley Square Division

   (b) Criminal docket or case number (if you know):  1:21-cr-00088-JSR-2

2. (a) Date of the judgment of conviction (if you know):  5/25/2022

   (b) Date of sentencing:  5/18/2022

3. Length of sentence:  108 Months

4. Nature of crime (all counts):

   Count 3: Money Laundering Conspiracy, in violation of 18 U.S.C. §§ 1956 (a)(1)(B)(i) and 1956(h).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐      (2) Guilty ☑      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   Guilty on Count 3 of the Indictment.

6. If you went to trial, what kind of trial did you have? (Check one)      Jury ☐      Judge only ☑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ☑

8. Did you appeal from the judgment of conviction?      Yes ☑      No ☐

AO 243 (Rev. 01/15)

9.  If you did appeal, answer the following:

    (a) Name of court:  United States Court of Appeals for the Second Circuit

    (b) Docket or case number (if you know):  No. 22-1474

    (c) Result:  Granted

    (d) Date of result (if you know):  10/4/2022

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    Asante contends that his counsel rendered ineffective assistance by failing to advise him that he could still file an appeal.

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐     No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐  No ☐

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket of case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐  No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐    No ☐

(2) Second petition:   Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**    Ineffective Assistance of Pretrial Counsel

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pretrial Counsel's Failure To:
(1) Communicate with Asante and Inform Him of the Relevant Circumstances and Likely Consequences of Proceeding to Trial;
(2) Conduct An Adequate and Independent Pretrial Investigation;
(3) File Any Substantive Pretrial Motions; and
(4) Attempt to Negotiate A Favorable Plea Agreement Deprived Asante of Effective Assistance of Pretrial Counsel Under the Sixth Amendment of the Constitution of the United States.

See Memorandum of Law in Support.

(b)  **Direct Appeal of Ground One:**

   (1)   If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☑       No ☐

   (2)   If you did not raise this issue in your direct appeal, explain why:

   Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c)  **Post-Conviction Proceedings:**

   (1)   Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐       No ☑

   (2)   If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3)   Did you receive a hearing on your motion, petition, or application?

   Yes ☐       No ☐

   (4)   Did you appeal from the denial of your motion, petition, or application?

   Yes ☐       No ☐

   (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes ☐       No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**   Ineffective Assistance of Sentencing Counsel

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Sentencing counsel's failure to:
(1) Review, Explain and Discuss the PSR with Asante;
(2) File Substantive Objections to the PSR;
(3) Object to Asante's Sentence Being Substantively Unreasonable Deprived Him of Effective Assistance of Sentencing Counsel and A Fair and Just Sentence; and
(4) File a Notice of Appeal deprived him of effective assistance of sentencing counsel under the Sixth Amendment, a fair and just sentence.

See Memorandum of Law in Support.

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ✔        No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND THREE:** _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**(b)  Direct Appeal of Ground Three:**

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐          No ☐

   (2)  If you did not raise this issue in your direct appeal, explain why:


**(c)  Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐          No ☐

   (2)  If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3)  Did you receive a hearing on your motion, petition, or application?

   Yes ☐          No ☐

   (4)  Did you appeal from the denial of your motion, petition, or application?

   Yes ☐          No ☐

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes ☐          No ☐


   (6)  If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.  Is there any ground in this motion that you have not previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None.

14.  Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?        Yes ☐        No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15.    Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a)  At the preliminary hearing:

Robert Virgil Bryan , Jr., Bryan Law PLC, 4118 Leonard Drive, Fairfax, VA 22030

(b)  At the arraignment and plea:

Cesar De Castro, The Law Firm of Cesar de Castro, P.C., 111 Fulton Street - 602, New York, NY 10038

(c)  At the trial:

N/A

(d)  At sentencing:

Cesar De Castro, The Law Firm of Cesar de Castro, P.C., 111 Fulton Street - 602, New York, NY 10038

(e)  On appeal:

N/A

(f)  In any post-conviction proceeding:

N/A

(g)  On appeal from any ruling against you in a post-conviction proceeding:

N/A

16.    Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☐          No ☑

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)  Give the date the other sentence was imposed: _____

(c)  Give the length of the other sentence: _____

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

<hr>

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, Asante respectfully requests that the Court grant the following relief:

Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,

_____
FRED ASANTE
REG. NO. 71047-083
FCI PETERSBURG LOW
FEDERAL CORR. INSTITUTION
P.O. BOX 1000
PETERSBURG, VA 23804
Appearing *Pro Se*

## DECLARATION OF FRED ASANTE

I, Fred Asante, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Dated: February 5, 2023

_____
FRED ASANTE

FRED ASANTE
REG. NO. 71047-083
FCI PETERSBURG LOW
FEDERAL CORR. INSTITUTION
P.O. BOX 1000
PETERSBURG, VA 23804

February 5 , 2023

Ms. Ruby J. Krajick
Clerk of Court
U.S. District Court
Southern District of New York
Foley Square Division
40 Foley Square
New York, NY 10007

      RE:   *Asante v. United States*
             Civil No. 1:23-cv-_____
             Crim No. 1:21-cr-00088-JSR-2

Dear Ms. Krajick:

    Enclosed please find and accept for filing Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support thereof. Please submit these documents to the Court.

    Thank you for your assistance in this matter.

                       Sincerely,

                       FRED ASANTE
                       Appearing *Pro Se*

*Encl. as noted*

Fred Asante 71047-083
FCI Petersburg - Low
P.O. Box 1000
Petersburg VA. 23804

RECEIVED
SDNY PRO SE OFFICE

2023 FEB 10 AM 9: 52

 

U.S. POSTAGE PAID
PM
FREDERICKSBURG, VA
22406
FEB 06, 23
AMOUNT
$9.85
R2305E123907-06

RDC 04
10007

Pro Se
EN



Ms. Ruby J. Krajick
Clerk of Court
U.S. District Court
Southern District of New York
Foley Square Division

40 Foley Square
New York, NY. 10007

RECEIVED
FEB 09 2023
CLERK'S OFFICE
S.D.N.Y.



EXPECTED DELIVERY DAY: 02/08/23

USPS TRACKING® #

9505 5127 2321 3037 1452 16