UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

                                  :

FRED ASANTE,

                                  :

                     *Petitioner,*                 21 Cr. 88 (JSR)

                                  :                 23 Civ. 1299 (JSR)(VF)

       - v. -

                                  :

UNITED STATES OF AMERICA,

                                  :

                     *Respondent.*

                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA IN
OPPOSITION TO PETITIONER FRED ASANTE'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT HIS CONVICTION AND SENTENCE**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Sagar K. Ravi
Assistant United States Attorney
*Of Counsel*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ...................................................................................................................... 1

A.   Relevant Facts and Proceedings............................................................................................ 1

B.   Applicable Law ...................................................................................................................... 3

ARGUMENT .......................................................................................................................... 5

A.   Counsel Was Not Constitutionally Ineffective During Pretrial Phase of Case ....................... 5

B.   Counsel Was Not Constitutionally Ineffective in Their Communications, Strategy, or
     Representation During Plea Discussions ............................................................................. 10

C.   Asante's Counsel Was Not Ineffective During Sentencing .................................................. 14

D.   Asante Has No Ineffective Assistance Claim Regarding His Appeal .................................. 17

CONCLUSION...................................................................................................................... 21

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Albanese v. United States*, 415 F. Supp. 2d 244 (S.D.N.Y. 2005)) ............................... 13

*Blackledge v. Allison,* 431 U.S. 63 (1977).................................................................. 12

*Copeland v. United States*, 1998 WL 842353 (S.D.N.Y. Dec. 2, 1998)........................ 12

*Coppedge* v. *United States*, 369 U.S. 438 (1962) ........................................................ 21

*Dewar v. United States*, 2020 WL 1673791 (S.D.N.Y. Apr. 4, 2020) .......................... 13

*Garcia v. United States*, 278 F.3d 134 (2d Cir. 2002)................................................. 18

*Greiner* v. *Wells*, 417 F.3d 305 (2d Cir. 2005) .............................................................. 5

*Harrington* v. *Richter*, 131 S. Ct. 770 (2011)................................................................ 4

*Hill v. Lockhart*, 474 U.S. 52 (1985) ............................................................................ 4

*Houpe v. United States*, 579 F.Supp.3d 362 (E.D.N.Y. 2022) ..................................... 16

*Jackson v. Conway*, 763 F.3d 115 (2d Cir. 2014).......................................................... 7

*Khawar v. United States*, 2016 WL 6270732 (S.D.N.Y. Oct. 26, 2016) .............. 13, 16

*Lockhart* v. *Fretwell*, 506 U.S. 364 (1993)................................................................ 4, 7

*Lopez v. United States*, 792 F. App'x 32 (2d Cir. 2019)................................................ 9

*Mayo* v. *Henderson*, 13 F.3d 528 (2d Cir. 1994)........................................................... 4

*Missouri v. Frye*, 566 U.S. 134 (2012) ....................................................................... 13

*Petrucelli* v. *United States*, 2009 U.S. Dist. LEXIS 116605 (S.D.N.Y. Dec. 15, 2009). ............... 7

*Purdy v. United States*, 208 F.3d 41 (2d. Cir. 2000).............................................. 10, 14

*Riggi v. United States*, 2007 WL 1933934 (S.D.N.Y. July 5, 2007........................ 18, 19

*Roa v. United States*, 101 F.3d 1394 (2d Cir. 1996).................................................... 12

*Roe v. Flores-Ortega*, 528 U.S. 470 (2000).................................................................. 17

*Romero v. United States*, 2017 WL 4516819 (S.D.N.Y. Sept. 21, 2017)....................... 6

*Santiago-Diaz v. United States*, 299 F. Supp. 2d 293 (S.D.N.Y. 2004) ........................ 7

*Sarroca v. United States*, 250 F.3d 785 (2d Cir. 2001) ............................................... 20

*Serna v. United States*, 2015 WL 4716246 (E.D.N.Y. Aug. 7, 2015) ........................... 8

*Smalls v. McGinnis*, 2004 WL 1774578 (S.D.N.Y. Aug. 10, 2004).............................. 9

*Strickland* v. *Washington*, 466 U.S. 668, 687-88, 693-94 (1984) ....................... 3, 4, 10

*Tankleff* v. *Senkowski*, 135 F.3d 232 (2d Cir. 1998).................................................... 21

*Thomas v. United States*, 2020 WL 1285622 (S.D.N.Y. Mar. 18, 2020) ..................... 14

*United States v. Djelevic*, 161 F.3d 104 (2d Cir. 1998) ............................................... 16

*United States v. Durham*, 460 Fed.Appx. 74 (2d Cir. 2012) ....................................... 20

*United States v. Fuller*, 332 F.3d 60 (2d Cir. 2023) .................................................... 20

*United States v. Granik*, 386 F.3d 404 (2d Cir. 2004) ................................................. 16

*United States v. Hernandez*, 242 F.3d 11 (2d Cir. 2001)............................................. 12

*United States* v. *Levy*, 377 F.3d 259 (2d Cir. 2004).................................................... 4

*United States v. Mitchell*, 749 F. App'x 79 (2d Cir. 2019)........................................... 18

*United States* v. *Sanchez*, 790 F.2d 245 (2d Cir. 1986) ............................................... 3

*United States v. Sweeney*, 878 F.2d 68 (2d Cir. 1989).................................................. 12

*Vasquez v. United States,* 1997 WL 148812 (S.D.N.Y. Mar. 28, 1997)......................... 9

*Vega v. United States*, 2019 WL 7037390 (W.D.N.Y. Dec. 20, 2019) ......................... 11

## PRELIMINARY STATEMENT

The Government respectfully submits this letter in opposition to the *pro se* petition of Petitioner Fred Asante ("Asante") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 132) (the "Petition" or "Pet.").[1] The Petition should be summarily denied in its entirety because Asante's claims are meritless as a matter of law and because his allegations are contrary to the record. As such, the claims in the Petition fall short of the high bar required to assert an ineffective assistance of counsel claim. Accordingly, the Petition should be denied.

## BACKGROUND

### A.      Relevant Facts and Proceedings

On February 19, 2021, Asante was arrested in the Eastern District of Virginia on the charges in Indictment 21 Cr. 88 (JSR) (the "Indictment") and was remanded pending transport to this District. Initially, Asante was represented by Robert Virgil Bryan ("Bryan") from the Eastern District of Virginia. (*See* ECF No. 24.) On March 29, 2021, Asante appeared in this District before Magistrate Judge Freeman and was denied bail on the basis that the Government had demonstrated flight risk by a preponderance of evidence in light of Asante's prior flight to Ghana in past criminal proceedings, and in light of Asante's potential access to large amounts of money in several accounts. (*See* ECF No. 28.) On September 10, 2021, Asante filed an application to reconsider Judge Freeman's denial of bail. (*See* ECF Entry Sept. 10, 2021.) On October 4, 2021, Judge Rakoff denied Asante's motion for reconsideration. (*See* ECF Entry Oct. 4, 2021.) On December 8, 2021, Bryan withdrew as counsel for Asante and was replaced by Cesar de Castro ("de Castro") on December 10. (*See* ECF No. 63, 65.)

---

[1] The ECF references herein are to filings in 21 Cr. 88 (JSR).

On February 16, 2022, Asante entered a plea of guilty pursuant to a plea agreement (the "Plea Agreement") to Count Three of Indictment 21 Cr. 88 (JSR), which charged him with conspiracy to commit money laundering on the basis that Asante laundered the proceeds from a wire fraud scheme in violation of 18 U.S.C. § 1956(h). In the Plea Agreement, which is attached hereto as Exhibit A, the parties agreed to a Stipulated Guidelines Range of 121 to 151 months' imprisonment, and the defendant waived his right to bring a collateral challenge, including but not limited to an application under 28 U.S.C. § 2255, of any sentence within or below the Stipulated Guidelines Range of 151 months' imprisonment. (*See* Exhibit A; *see also* Plea Tr., ECF No. 81 at 10, 16.)

On May 18, 2022, Asante was sentenced to a term of 108 months' imprisonment followed by three years of supervised release, ordered to pay approximately $2.3 million in restitution, and ordered to forfeit approximately $650,000 and a Mercedes Benz. (*See* ECF No. 114.)

On June 29, 2022, Asante filed an untimely *pro se* Notice of Appeal. (*See* ECF No. 121.) On October 4, 2022, after Asante was provided with appointed counsel (Jeremy Gutman or "Gutman"), he "decided that [he] do[es] not wish to pursue a direct appeal" and moved to withdraw the appeal. (ECF No. 124, *see also* Exhibit B at 5.)

On February 9, 2023, Asante filed the instant Petition in which he raises several claims of ineffective assistance of counsel, which in substance broadly allege (i) that he received inadequate advice, communication, and representation from his counsel in pretrial proceedings; (ii) that he received inadequate assistance with respect to his plea; (iii) that he received inadequate advice, communication, and representation from his counsel in preparation for sentencing; and (iv) that his counsel failed to file a timely Notice of Appeal. (*See* Pet. at 2.)

## B.    Applicable Law

A claim of ineffective assistance of counsel fails unless the petitioner both (i) overcomes a "strong presumption" that his counsel's conduct was reasonable and shows that his representation "fell below an objective standard of reasonableness" under "prevailing professional norms"; and (ii) "affirmatively prove[s] prejudice," that is, shows that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–89, 693–94 (1984).   Only if both elements of the test are satisfied can a reviewing court conclude that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and it is the petitioner's burden to establish both elements.   *Id*. at 687.

Under the first prong of the *Strickland* analysis, the reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," bearing in mind that "[t]here are countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id.* at 689. The defendant's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. A defendant cannot prevail on a claim of ineffective assistance merely because he believes that his counsel's strategy was inadequate. *United States* v. *Sanchez*, 790 F.2d 245, 253 (2d Cir. 1986) ("In some cases, a strategy of silence on defense counsel's part may be quite appropriate."). This is especially true in the context of plea discussions, where "[c]ounsel's conclusion as to how best to advise a client in order to avoid, on the one hand, failing to give advice and, on the other, coercing a plea enjoys a wide range of reasonableness. . ." *Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000).

Under the second prong, a defendant must meet the "heavy burden" of showing "actual prejudice." *Strickland*, 466 U.S. at 692. To satisfy the prejudice prong, the defendant must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693–94; *see, e.g.*, *United States* v. *Levy*, 377 F.3d 259, 264 (2d Cir. 2004). "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding,'" *Harrington* v. *Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693), and "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Strickland*, 466 U.S. at 693. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Mayo* v. *Henderson*, 13 F.3d 528, 534 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 694). Moreover, "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Lockhart* v. *Fretwell*, 506 U.S. 364, 369 (1993). Thus, "the prejudice component of the *Strickland* test . . . focuses on the question whether counsel's deficient performance renders the result of the . . . the proceeding fundamentally unfair." *Id.* at 372. And in the plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Only where both prongs of the *Strickland* test are satisfied can it be concluded that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. When considering these two prongs, the Supreme Court has provided commonsense instructions, explaining that "[t]he object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack

of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland,* 466 U.S. at 697.

## ARGUMENT

Asante raises a total of eight ineffective assistance of counsel claims: two relating to pretrial proceedings, two relating to his plea proceedings, three relating to sentencing proceedings and the Pretrial Sentence Report ("PSR"), and one relating to his appeal. All eight of these claims, whether taken separately or together, are either outright contradicted by the record (including his own statements) or fall far short of the high bar that Asante must meet to demonstrate that his counsel was constitutionally ineffective. Furthermore, Asante cannot show actual prejudice from any of these claims. The Government will address each ineffective assistance claim in turn.[2]

### A. Counsel Was Not Constitutionally Ineffective During Pretrial Phase of Case

#### 1. Counsel's Investigations Fall Well Within Objectively Reasonable Standards and Did Not Prejudice Asante

Asante alleges that his counsel "failed to conduct any kind of a reasonable independent pretrial investigation," including specific factfinding regarding the amount of "alleged money which he alleged laundered." (Pet. at 15, 16.) Although counsel does have a duty "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," that duty does not "compel defense counsel to investigate comprehensively every lead or possible defense . . . or to scour the globe on the off-chance something will turn up." *Greiner v. Wells*, 417 F.3d 305, 320–21 (2d Cir. 2005) (internal quotation marks and citations

---

[2] Asante's claims are somewhat interspersed throughout his Petition. While this brief attempts to address his claims roughly in the order presented in his Petition, it may consolidate some similar claims to avoid repetition.

omitted); *see also Romero v. United States*, No. 15 Civ. 6512 (LAP), 2017 WL 4516819, at *5 (S.D.N.Y. Sept. 21, 2017) (denying an ineffective pretrial investigation claim because petitioner's conclusory allegations did not satisfy burden of proof and the pretrial investigation sought by petitioner "may have led to evidence that would have been damaging to the overall strategy of the defense.").

Asante's own admissions foreclose the argument that his counsel's investigations were anything less than objectively reasonable. When Bryan served as his counsel, they spoke for at least three hours about the facts of the case. (*See* Pet. at 12–13.) When de Castro and his team replaced Bryan as Asante's counsel, they undertook additional investigation including a close review of "40 pages of text messages" with Asante, which gave his counsel an opportunity to assess the veracity of the evidence and thus the strength of the government's case. (*Id.*; s*ee* Exhibit D; *see also* Exhibit C, Aff. of César de Castro, ECF No. 142 ("Castro Aff.") ¶ 17 ("[T]he defense team thoroughly reviewed his discovery, as well as an unsolicited letter that Mr. Asante sent to the government admitting to his offense conduct.").) Further, during his plea allocution, Asante affirmed that he "had a full opportunity to discuss these matters with [his] lawyer" and that he "told [them] everything [he] know[s] about these matters." (Plea Tr., ECF No. 81 at 5.) Thus, when Asante's counsel responded that they did not "know of any valid defense that would likely prevail at trial or any other reason why her client should not plead guilty" (*Id.* at 11), they made that judgment with adequate knowledge of Asante's situation and with an understanding of the Government's evidence against him.

"Where allegations of ineffective assistance are conclusory and give no indication as to what exculpatory evidence may have been revealed by an investigation, a Sixth Amendment

ineffective assistance claim based on failure to investigate is doomed." *Petrucelli* v. *United States*, No. 05 Civ. 9582 (TPG), 2009 U.S. Dist. LEXIS 116605, at *27 (S.D.N.Y. Dec. 15, 2009). At best, Asante's claims are conclusory. At worst, his claims are affirmatively refuted by his own admissions on the record. And while the bare record shows—as explained above—that the scope of Byran and de Castro's investigations were objectively reasonable under the circumstances, it also shows that no prejudice can be inferred. *See Jackson v. Conway*, 763 F.3d 115, 154–55 (2d Cir. 2014) ("[E]ven assuming that defense counsel failed to mount an adequate investigation of the reports, [petitioner] cannot demonstrate that he suffered prejudice as a result."); *Santiago-Diaz v. United States*, 299 F. Supp. 2d 293, 302 (S.D.N.Y. 2004) ("These conclusory statements are insufficient to support a claim of ineffective assistance of counsel under *Strickland*."). In fact, Asante fails to make any showing of prejudice whatsoever; at no point does Asante identify any facts that would actually render his plea or sentence "fundamentally unfair." *Lockhart*, 506 U.S. at 372. In sum, because Asante has presented no evidence of prejudice whatsoever, and because his counsel's performance based on the bare record was well within objectively reasonable standards, his claims fail.

## 2. Asante's Remaining Pretrial Ineffectiveness Claims are Equally Meritless

Asante advances a handful of residual arguments pertaining to his counsel's pretrial conduct, all of which lack merit. Asante argues that "[t]here was not any reasonable communication from the beginning of the case between Asante and his attorneys." (Pet. at 13.) But although Asante "may have been dissatisfied with the frequency or length of the visits" by his counsel, that alone is insufficient to show that "counsel's performance 'fell below an objective standard of reasonableness.'" *Serna v. United States*, No. 12-CV-4837 SLT, 2015 WL 4716246,

at *7 (E.D.N.Y. Aug. 7, 2015). This is especially true where, as here, the record (including Asante's own statements) shows that his counsel's engagement falls well within the bounds of objectively reasonable performance:

- Asante's retained counsel (Bryan), initially met with him to discuss the case for at least three hours; Bryan subsequently corresponded with Asante via phone. (Pet. at 12–13.)

- Asante's subsequently appointed counsel, de Castro, was appointed after Bryan withdrew (*see* ECF No. 65) and "due to the pandemic situation" handled much of the case remotely where feasible (Pet. at 13).

- Prior to pleading, Asante's counsel spent "a lot of time" preparing Asante for the plea hearing and allocution. (Plea Tr., ECF No. 81 at 12.) In addition to time spent preparing for the case, de Castro had "16 meetings or calls . . . lasting approximately 19 hours" with Mr. Asante. (Castro Aff. ¶ 20.)

- Despite the pandemic, de Castro made efforts to "communicate with [Asante's] family" about the case (Pet. at 14), and spent nearly 30 hours in meetings or on calls with Mr. Asante's family in addition to time spent communicating directly with Mr. Asante himself (Castro Aff. ¶ 21).

- Asante himself concedes that "the number of visits is not in question" in his motion. (Pet. at 14.)

These examples alone are sufficient to overcome any claim Asante has that his counsel was ineffective purely by virtue of their engagement with his case—and, as discussed below, there are many more examples of his counsel's engagement. (*See, e.g.,* Castro Aff. ¶¶ 22-23 (presence of counsel during PSR discussions).) This claim accordingly has no merit. *See Serna*, 2015 WL

4716246, at *7 (finding that trial counsel "spent some time" with the defendant and "wrote a sentencing memorandum" sufficient to overcome an ineffective assistance claim).

Asante also claims, without providing any examples, that his counsel failed to file any substantive pretrial motions on his behalf. (*See* Pet. at 11.)[3] Again, as a threshold matter, this is simply incorrect; Asante's counsel did file motions on his behalf, such as a motion to reconsider his denial of bail. (*See* ECF Entry Oct. 4, 2021.) But more importantly, Asante's claim here fails because he does not identify any specific motion in this case that any objectively reasonable counsel should have filed. *See Smalls v. McGinnis*, No. 04 Civ. 301(AJP), 2004 WL 1774578 at *23 (S.D.N.Y. Aug. 10, 2004) ("'[P]etitioner's allegations with regard to alleged counsel errors in pre-trial preparation and investigation and trial advocacy are vague, conclusory, and unsupported by . . . any other source, and, accordingly . . . [t]he vague and unsubstantiated nature of the claims' defeated petitioner's claim of ineffective assistance of counsel . . .'" (quoting *Vasquez v. United States,* 96-Civ-2104, 91-CR-153, 1997 WL 148812 at *1–2 (S.D.N.Y. Mar. 28, 1997) (internal quotations omitted))); (*see also* Castro Aff. ¶ 17 ("After a review of Mr. Asante's discovery, we determined that there were no substantive pre-trial motions to be filed. We explained to him that as we neared trial, we would likely file *in limine* motions and/or respond to the government's *in limine* motions); *cf Lopez v. United States*, 792 F. App'x 32, 38 (2d Cir. 2019) ("Without more than conclusory statements . . . [defendant] cannot present a plausible claim of ineffective assistance . . ."). This claim, too, should be rejected as conclusory and simply inaccurate.

---

[3] Again, except for the section heading on page 11 of Asante's Petition, Asante does not appear to press this argument. We briefly address it for the sake of being comprehensive.

In sum, Asante has failed to show that his counsel was constitutionally deficient at any point in pretrial proceedings. Given both the legal insufficiency of his claims and the many outright contradictions between his claims and the record, the Court should reject Asante's arguments here.

**B.    Counsel Was Not Constitutionally Ineffective in Their Communications, Strategy, or Representation During Plea Discussions**

Asante's claims relating to his plea deal (his first and fourth claims) both suggest that he is now dissatisfied with the deliberations behind his plea decision—notwithstanding that Mr. Asante told his counsel "many times that he did not desire to proceed to trial." (Castro Aff. ¶ 13.) In his first claim, he protests that his counsel "never discussed strategy" in anticipation of trial and instead "persuade[d]" him that "he could not expect a sentence less than the time he would receive should be plead guilty." (*See* Pet. at 13.) In his fourth claim, he alleges that he was provided with incomplete or inaccurate information about the consequences of pleading. (*See id.* at 21 ("Had Asante been properly informed, he would have had . . . an intelligent and informed decision of whether to proceed to trial. . .").)

But Asante's post-hoc dissatisfaction with his decision to plea does not give rise to a Sixth Amendment violation. When it comes to pleading decisions, "[c]ounsel's conclusion as to how best advise a client . . . enjoys a wide range of reasonableness because 'representation is an art' and 'there are countless ways to provide effective assistance in any given case.'" *Purdy v. United States*, 208 F.3d 41, 45 (2d. Cir. 2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 689, 693 (1984)). Here, his counsel's performance fell well within the range of objectively reasonable conduct under the circumstances.

### 1. Asante Received Effective Assistance of Counsel In Reaching His Decision to Plea

Throughout both his first and fourth claim, Asante alleges that de Castro estimated that Asante could expect a sentence of "48 to 50 months." (*E.g.*, Pet. at 20.) Outside of this bare allegation, however, nothing in the record supports this claim. As de Castro affirms, "[w]e reiterated [to Asante] that we could not predict what sentence he would receive, [and] that the sentence he would receive was up to the court." (Castro Aff. ¶ 25.) At best, de Castro "discussed what sentence [they] would *request* from the Court," but "[i]n *all* of our conversations with Mr. Asante," made no further promises as to the ultimate sentence. (*Id.* (emphasis added)) Asante's late-breaking, unsworn and unsupported allegations in his motion should not be viewed as relevant "when directly and specifically contradicted by Trial Counsel's detailed, *sworn* affidavit." *Vega v. United States*, No. 6:17-CR-6015 (FPG), 2019 WL 7037390, at *5 (W.D.N.Y. Dec. 20, 2019) (emphasis in original) (citing *Riggi v. United States*, No. 04-CIV-7852 (JSR) (GWG), 2007 WL 1933934, at *8 (S.D.N.Y. July 5, 2007)).

Furthermore, Asante's plea allocution with Judge Rakoff directly refutes the notion that he relied on a 48-to-50 month range in deciding to plead guilty. During his plea allocution, Asante affirmed that he had "gone over the [sentencing] guidelines with [his] lawyer" for the relevant charge. (Plea Tr., ECF No. 81 at 9.) He further confirmed that he understood that the plea agreement "stipulated to a guideline range of 121 to 151 months in prison" and that he could be sentenced to "anywhere in between" those ranges. (*Id.* at 10.) Most importantly, Asante affirmed that he understood "that if anyone has made any kind of promise or prediction or estimate . . . [as to the length of his sentence], that person could be wrong and, nevertheless, if [he] plead guilty, [he] w[ould] still be bound" by the sentence. (*Id.*) Thus, both Asante's own statements on the

record and the statements of his counsel refute the idea that Asante's sentence would not exceed "48 to 50" months. And "the district court was entitled to rely upon the defendant's sworn statements, made in open court . . . that he understood the consequences of his plea . . . and had been made no promises except those contained in the plea agreement." *United States v. Hernandez*, 242 F.3d 110, 112–13 (2d Cir. 2001) (citing *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)).

Thus, even if Asante's counsel erroneously predicted a lower sentence than Asante ultimately received, Asante's claim fails. This Circuit has long held that "a defendant [is] not entitled to withdraw a guilty plea simply because his attorney erroneously predicted his sentence," even when the defendant "characteriz[es] a mistaken prediction as ineffective assistance of counsel." *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989). This is especially true where, as here, any potential misunderstanding is cured by the defendant's allocution in court which established (1) the actual guidelines that would be employed, (2) the statutory maximum sentence, and (3) the judge's sole discretion to impose any sentence within that range regardless of anyone else's "promise or prediction or estimate." (ECF No. 117 ("Sent. Tr.") at 9–10); *see, e.g., Roa v. United States*, 101 F.3d 1394 (2d Cir. 1996) (summary order) (rejecting an ineffective assistance of counsel claim where the defendant claimed his counsel made "a false promise as to his sentence" of 27 months in part on the grounds that the defendant testified to the contrary during his allocution); *Copeland v. United States*, No. 97-CIV-3782 (JSM), 1998 WL 842353, at *2 (S.D.N.Y. Dec. 2, 1998) ("[P]etitioner's contention that he was unaware of the guideline calculations that would apply in his case or the Government's plea offer is without merit. The record establishes that the Government stated the guideline range in court in petitioner's presence."). Both as a matter of fact and a matter of law, Asante has failed to substantiate any

allegation that suggests his counsel was constitutionally ineffective in any of the plea-related pretrial proceedings.

### 2. Asante's Remaining Plea-Related Claims Lack Any Basis in Fact or Law

Asante next seems to assert a claim on the basis that his counsel failed to negotiate a better plea agreement.[4]  That claim is both factually incorrect and legally irrelevant. As a factual matter, Asante's counsel *did* negotiate a better plea deal: Bryan negotiated with the Government to reduce Asante's sentencing guidelines from an initial range of 135 to 168 months to the lower range of 121 to 151 months which Asante ultimately agreed to. (*Compare* Exhibit D (original plea) *with* Exhibit E (revised plea); *see also* Exhibit A (materially identical to Exhibit E, final signed plea)).

But even if Asante's counsel did not negotiate a better deal, Asante's claim fails. Criminal defendants have "no right to be offered a plea." *Missouri v. Frye*, 566 U.S. 134, 148–49 (2012) (internal citations omitted). If the government *does* ultimately offer a plea, then, defendants certainly do not have a right to secure an even *better* offer: "The Second Circuit[] 'has repeatedly rejected ineffective assistance claims where . . . the petitioner in retrospect finds fault with the plea negotiated by counsel.'" *Khawar v. United States*, No. 10 Cr. 1082, 2016 WL 6270732, at *4 (S.D.N.Y. Oct. 26, 2016) (quoting *Albanese v. United States*, 415 F. Supp. 2d 244, 250 (S.D.N.Y. 2005)); *see also Dewar v. United States*, No. 06 Cr. 311 (KMK), 2020 WL 1673791, at *7–8 (S.D.N.Y. Apr. 4, 2020) (similar).

---

[4]  Asante phrased his fourth claim as a "failure to *negotiate*" a better plea agreement, but appears to mainly argue that he misapprehended the possible range of sentencing guidelines. While nothing in Mr. Asante's motion appears to argue that he was entitled to plea negotiations, we nonetheless address this potential claim for exhaustiveness.

For counsel to be constitutionally effective in the plea-bargaining context, they need "only to 'communicate to the defendant the terms of the plea offer and [to] usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed.'" *Id.* at *8 (quoting *Thomas v. United States*, Nos. 15 Cr. 667, 17 Civ. 6877, 2020 WL 1285622, at *6 (S.D.N.Y. Mar. 18, 2020) (citing *Purdy,* 208 F.3d at 44–45)). That standard was easily satisfied here: By Asante's own admission, de Castro explained that, in his judgment, Asante "could not expect a sentence [at trial] less than the time he would receive should he plead guilty." (Pet. at 13; Castro Aff. ¶ 18.)

### C.    Asante's Counsel Was Not Ineffective During Sentencing

Asante brings three additional claims with respect to his sentencing proceedings, namely that his counsel failed to (i) "Review, Explain, and Discuss the PSR" prior to sentencing; (ii) "File Substantive Objections to the PSR"; and (iii) object to the sentence as "Being Substantively Unreasonable." (Pet. at 23, 24–27.) These claims, too, fail to meet the high constitutional standards set forth by *Strickland* and subsequent jurisprudence.

#### 1.    Asante's First Two Claims are Flatly Contradicted by the Record

As a threshold matter, Asante offers nothing to support his claim that his counsel failed to review the PSR with him, nor does he press this claim anywhere in his memorandum outside of his initial conclusory statement. (*See* Pet. at 23.) Furthermore, this conclusory statement is contradicted by the record itself, which clearly shows that Asante's counsel (de Castro) raised multiple fact-specific objections in response to the PSR. (*See* ECF No. 112-1 (objecting to the portions of the PSR on the grounds that they misstate facts, *e.g.*, that Asante "was diagnosed with Pre-Diabetes" rather than "Type 2 Diabetes" and that the correctional facility has "not sent him

14

for further treatment.").)[5] And during sentencing, neither Asante nor his counsel objected to the final sentencing calculations. (*See* Sent. Tr. at 2.) Even without further review, it is incredible to think that de Castro would be able to make these fact-specific objections (such as "Pre-Diabetes" rather than "Type-2 Diabetes") without cross-checking the PSR with Asante. Furthermore, the fact that these fact-specific objections exist cuts directly against Asante's argument that his counsel failed to make objections to the PSR.

Furthermore, Asante's counsel, consistent with the record, asserts that "nothing could be further from the truth" than the claims that Asante makes here. (Castro Aff. ¶ 22.) His counsel contends that they "prepared him for the presentence interview" and "reviewed the PSR with Mr. Asante collectively for more than three hours." (*Id.* ¶¶ 22-23.) Also consistent with the record, Asante's counsel asserts that they filed "objections to the PSR with the Department of Probation." (*Id.* ¶ 23.) And his counsel (properly) did not file other objections—namely, an objection to the sentencing calculation itself—because they were already stipulated to as part of Asante's plea agreement. Thus, whether looking at the record alone or in conjunction with the affirmation of defense counsel, Asante's arguments are wholly foreclosed.

### 2. Asante's Third Claim is Foreclosed by This Circuit's Jurisprudence and by the Record Itself

Asante's residual ineffective assistance claims amount to thinly veiled challenges to the PSR itself and his ultimate sentence. These types of challenges are foreclosed under this Circuit's precedent where, as here, the challenge calls into question the stipulated facts and sentencing

---

[5] Though these objections were not included in the final PSR, Asante's counsel brought them to Judge Rakoff's attention in his written sentencing submission and at the sentencing hearing. (*See* ECF No. 112 at 2 n.1; Sent. Tr. at 11.)

calculations as part of his knowing and voluntary plea agreement. *See United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (per curiam). Claims like these are "in reality [] challenging the correctness of his sentence under the Sentencing Guidelines," and are "therefore barred by the plain language of the waiver contained in his plea agreement with the government" regardless of "his effort to dress up his claim as a violation of the Sixth Amendment." *Id.*; *see Houpe v. United States*, 579 F.Supp.3d 362, 365–66 (E.D.N.Y. 2022) (rejecting a claim of ineffective assistance of counsel during sentencing where counsel ensured "[d]efendant got the benefit of a plea bargain"); *Khawar*, 2016 WL 6270732, at *5 ("[counsel] could not have been expected to object at sentencing to the loss amount in the plea agreement because the plea agreement foreclosed this possibility by providing that neither party would seek an adjustment of the stipulated Guidelines calculation."); *see also United States v. Granik*, 386 F.3d 404, 413 (2d Cir. 2004) (same analysis with respect to contesting loss calculations).

Asante signed his Plea Agreement on February 16, 2022. (*See* Exhibit A at 7.) The Sentencing Guideline calculations contained in his plea agreement were identical to those contained in the PSR. (*Compare* Exhibit A at 2–3 *with* PSR at 4.) During his plea allocution, Judge Rakoff specifically asked Asante "Have you gone over the guidelines with your lawyer?" to which Asante responded "Yes, your Honor." (Plea Tr., ECF No. 81 at 9.) Judge Rakoff also specifically confirmed that the Guideline range, as stipulated to in Asante's signed plea agreement, ultimately resulted in a range of 121 to 151 months. (*Id.* at 10, 16.) Asante also indicated that he understood that he waived his right to appeal or otherwise attack any sentence of "151 months or less." (*Id.* at 16; *see also* Exhibit A at 5.) Thus, Asante himself confirmed during his plea allocution that he had reviewed and agreed to be bound by the facts and Sentencing Guidelines as set forth in the plea

agreement. Because he knowingly and voluntarily stipulated to these Guidelines, he cannot now sustain an ineffective assistance of counsel claim on the grounds that his counsel (correctly) refrained from objecting to an already-decided issue.

While the above argument is wholly sufficient to reject Asante's claims as to the reasonableness of his sentence, his claims can also be specifically refuted by the record. Asante claims that his counsel was ineffective in failing to file motions challenging his amount- and management-based guideline enhancements, his sentencing disparity relative to co-defendants Freeman and Aning, and other failures to "file any kind of a motion for a downward variance on behalf of Asante." (*See* Pet. at 23–24, 26–27.) But his counsel raised all these points in some form or another in his sentencing submission. (*See* ECF No. 112 at 5 (arguing that Asante's 18-point enhancement for the amount of money was unnecessarily harsh relative to his underlying offense), *id.* at 6 (arguing that Asante should receive a sentence closer to the 24-month sentence received by Aning), *id.* at 6-7 (arguing for a three-year sentence).) The Court considered these aspects of the sentencing submissions and acknowledged that "defense counsel made many fine arguments"—but ultimately rejected them. (Sent. Tr. at 21.) Thus, again, Asante's arguments are wholly foreclosed by the bare record and by the clearly established law of this Circuit.

### D. Asante Has No Ineffective Assistance Claim Regarding His Appeal

Asante's ineffective assistance claims with respect to his appeal are also meritless. It is true that when counsel's "deficient performance *deprives* a defendant of an appeal *that he otherwise would have taken*, the defendant has made out a successful ineffective assistance of counsel claim *entitling him to an appeal*." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (emphasis added). But there lies the heart of the issue: Asante must have been both actually deprived of an appeal by his counsel, and must show that he would have actually taken the appeal but-for his counsel's

error. Accordingly, Asante's claims fail: whether because he (i) "had independent knowledge of his right to appeal and elected not to do so," or (ii) he "actually appealed," the per se rule of *Flores-Ortega* does not apply. *Garcia v. United States*, 278 F.3d 134, 138 (2d Cir. 2002).

### 1. Asante Cannot Show Prejudice Because He Knew of His Right to Appeal But Did Not Actually Instruct His Counsel to File an Appeal

At sentencing, Asante was explicitly informed of his right to appeal and his right to counsel for that appeal. (*See* Sent. Tr. at 24.) Further, Asante argues that he "wanted to appeal," but carefully avoids saying that his counsel *refused* to appeal; instead, he claims his counsel "discouraged him." (Pet. at 28.) Indeed, at no point does Asante's petition specifically state that de Castro *refused* to file a notice of appeal. Consistent with this record, de Castro affirms that "after [Asante's] sentencing, we again discussed the appellate waiver in Mr. Asante's plea agreement with him." (Castro Aff. ¶ 29.) After the discussion, "He [Asante] did not instruct us [defense counsel] to file a notice of appeal. (*Id.*) Thus, on this record, two things are clear: First, that Asante had affirmative knowledge of his right to appeal. And second, that Asante himself failed to request an appeal: That his counsel merely reminded him that he no longer had the right to appeal *some* issues (through the waiver executed in his plea agreement)—and Asante ultimately (correctly) concluded that such an appeal would not be worthwhile—raises no constitutional issues. *See Riggi v. United States*, No. 04 Civ. 7852 (JSR) (GWG), 2007 WL 1933934, at *7 (S.D.N.Y. July 5, 2007) (denying a habeas petition and declining to conduct a more extensive evidentiary hearing where counsel "emphasized the plea waiver" in appeal discussions, after which the defendant concluded that an appeal was not necessary); *Cf United States v. Mitchell*, 749 F. App'x 79, 80 (2d Cir. 2019) (summary order) (affirming district court's decision to reject

defendant's appeal claim on the grounds that the district court did not find the defendant's testimony to be credible).

### 2. Asante's Counsel Subsequently Did Not Refuse to File a Notice of Appeal

Even in subsequent communications, Asante's counsel did not subsequently refuse to file an appeal. On May 20, 2022, "as had been the practice throughout [de Castro's] representation, Mr. Asante's wife . . . emailed [] a copied and pasted message from Mr. Asante . . . [that stated] he had changed his mind and wanted to file an appeal." (Castro Aff. ¶ 30 & Ex. A.). In response, de Castro reiterated that Asante "gave up his right to appeal any sentence 151 months or less" but noted that Asante "did retain the right to appeal on the ground that he was denied his right to effective assistance of counsel." (Castro Aff. at Exhibit A (emailed message from Mr. Asante and de Castro's response).) Far from refusing to assist Asante in filing a notice of appeal, de Castro simply reiterated the bounds of the plea waiver itself – while still informing Asante of the areas in which he could validly appeal (*i.e.*, through an ineffective assistance claim). But Asante did not pursue this avenue, instead responding that he will "move on with [his] life and complete [his] 5 years left on [his] sentence." *(Id.)* This interaction does not show an affirmative refusal to file an appeal, but rather illustrates a typical scenario in which a defendant ultimately declines to appeal after hearing the advice of counsel. *See Riggi*, 2007 WL 1933934, at \*7.

At no point was Asante denied his constitutional right to appeal. Asante was given objectively reasonable (and legally accurate) advice by his counsel—and only upon considering that advice did Asante voluntarily decline to appeal. This is especially evident here, as Asante's Petition brings a comprehensive set of ineffective assistance claims yet "[does] not raise any nonfrivolous arguments" for appeal and thus "the record does not give this Court 'reason to think'

that a 'rational defendant would want to appeal.'" *Sarroca v. United States*, 250 F.3d 785, 788 (2d Cir. 2001) (internal quotations omitted). Simply put, because Asante did not take Castro's offer to file a notice of appeal at the time, and because Asante now fails to establish any valid claim of constitutionally deficient performance by counsel, Asante cannot show that his counsel was ineffective in the appellate process.

### 3. Asante's Cannot Show Prejudice Because He Actually Did File a Notice of Appeal, Which He Then Voluntarily Withdrew

Finally, Asante cannot show prejudice because he actually filed a *pro se* notice of appeal which he later voluntarily withdrew. (*See* ECF No. 121.) This notice of appeal was untimely—but for nearly three months, Asante did not submit a *pro se* merits briefing, nor did he submit one through his newly appointed counsel (Gutman), nor did he attempt to make a motion for an extension of time pursuant to Fed. R. App. P. 4(b)(4) while such a motion was still available. Instead, after three months of inaction, but *before* any party or the courts responded to his initial notice, Asante simply withdrew his notice of appeal voluntarily. (*See* ECF No. 124.) It was another four months after his voluntary withdrawal before he filed the instant Petition. At no point in his brief does Asante argue that this *voluntary* withdrawal was caused by ineffective assistance of counsel.

This Circuit has previously concluded that where a defendant filed an untimely appeal but subsequently "withdrew his request," he "is not entitled to relief." *United States v. Durham*, 460 F. App'x 74, 74 (2d Cir. 2012) (summary order); *cf United States v. Fuller*, 332 F.3d 60, 64–66 (2d Cir. 2023) (granting relief *only* where a pro se defendant made an untimely direct appeal, presented some merits briefing, did not withdraw the appeal, and went uncontested in their

assertion that their appeal was untimely only due to counsel failure to file). Thus, on any view of the facts, Asante has no valid effective assistance of counsel claims on appeal.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Asante's Petition be denied in its entirety and that the case be dismissed. In addition, the Government requests that the Court include in its Order a finding that Asante has not made a substantial showing of a denial of a federal right, and that appellate review therefore is not warranted. *Tankleff* v. *Senkowski*, 135 F.3d 235, 241-42 (2d Cir. 1998). Finally, the Government further requests that the Court certify that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from the Court's Order would not be taken in good faith. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

Dated:   New York, New York
          January 31, 2024

                                        Respectfully Submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                               By: _____
                                        Sagar K. Ravi
                                        Assistant United States Attorney
                                        (212) 637-2195
                                        sagar.ravi@usdoj.gov

**AFFIRMATION OF SERVICE**

I, Sagar K. Ravi, affirm under penalty of perjury as follows:

1.      I am an Assistant United States Attorney in the Southern District of New York.
2.      On January 31, 2024, I caused a copy of the foregoing to be served on the petitioner by certified mail at the following address:

> Fred Asante (71047-083)
> FCI Petersburg Low
> Federal Correctional Institution
> P.O. Box 1000
> Petersburg, VA 23804

Dated:   New York, New York
         January 31, 2024

_____
Sagar K. Ravi
Assistant United States Attorney
(212) 637-2195